FARMERS' NAT. BANK OF MALONE v. ST. REGIS PAPER CO.

(Supreme Court, Appellate Division, Third Department.   December 3, 1902.)

1. PURCHASE-MONEY NOTES—DEFENSE—FRAUDULENT REPRESENTATIONS.

> False representations by the vendor as to land for the purchase price of which a note was given, which, if true, would have made the land worth $8 per acre, whereas it was worth only $2 per acre, though constituting ground for rescission or counterclaim, does not constitute a complete defense, authorizing dismissal of the complaint in action on the note.

Appeal from special term.

Action by the Farmers' National Bank of Malone against the St. Regis Paper Company. From an interlocutory judgment entered on an order sustaining a demurrer to the third and separate defense of the answer, and directing judgment for plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Purcell, Walker & Burns, for appellant.

Badger & Cantwell, for respondent.

KELLOGG, J. The action is brought to recover upon a negotiable promissory note of $12,000, made by defendant, and delivered to the Forest Land & Mill Company, and, as alleged, transferred before maturity to the plaintiff. The portion of the answer demurred to is claimed by defendant to be a complete defense and bar to the action, and the facts alleged are so pleaded. The facts are not claimed to be a partial defense, nor are they alleged as a counterclaim to the whole or to a part of the plaintiff's claim. In substance, the defense demurred to alleges that the note in suit was given as a partial payment upon a purchase by defendant from the Forest Land & Mill Company of 22,500 acres of land. The land was deeded to defendant, and the promissory notes and other agreed consideration were turned over to the vendor. The defendant alleges that false representations were made by the vendor as to the quantity of pulp wood upon the land at the time of sale, and alleges that, if the quantity as represented had been upon the land, it would have been worth $8 per acre, but in fact the land, because of the absence of pulp wood, was worth only $2 per acre. The allegations are sufficient, if true, to entitle the defendant to a rescission of the contract for fraud in case defendant restored to the vendor the lands deeded to defendant; but defendant does not seek to rescind the contract. The allegations are also sufficient to make out a cause of action for damages against the vendor, and such damages might be counterclaimed in an action to recover the purchase price; but defendant does not seek to counterclaim such damages in this action against plaintiff's claim, but he pleads these facts as a bar to the action, a complete defense, and asks for a dismissal of the complaint. That it is not a defense, it seems to me, is too apparent to admit of argument. The matter alleged does not show a failure of consideration, so as to defeat the claim on that ground. Nor can it be interpreted as a denial of any material allega-

tion of the complaint, for the facts alleged are not inconsistent with the complaint, or with any part of it. That the defendant cannot retain the lands, and be supported in its refusal to pay any part of the purchase price, is also too clear to need argument or citation of authorities, unless the defendant, by way of counterclaim in an action for the purchase price, shows its damages to be in excess of the purchase price; but that can be shown only by way of counterclaim as the Code provides.

The judgment must therefore be affirmed, with costs. All concur.